UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIE ALSHAUNA LEE,

        Petitioner,                       Case No. 2:22-cv-11700
                                                  Hon. Denise Page Hood

v.

JOHN DAVIDS,[1]

        Respondent.
_____/

**OPINION AND ORDER (1) DENYING PETITION FOR WRIT OF HABEAS CORPUS, (2) DENYING CERTIFICATE OF APPEALABILITY, AND (3) DENYING PERMISSION TO APPEAL IN FORMA PAUPERIS**

Willie Alshauna Lee, a Michigan prisoner, filed this petition for writ of habeas corpus under 28 U.S.C. § 2254. Following a 2018 jury trial in the Macomb Circuit Court, Lee was convicted of carjacking and other felony offenses. The trial court subsequently sentenced him as a fourth-time habitual felony offender to a controlling term of 424-724 months' imprisonment.

Lee's petition raises three claims: (1) the police destroyed exculpatory evidence when they disposed of the jacket he was wearing when he was arrested, (2) Lee was subjected to a suggestive in-court identification because no pretrial line-up

---

[1] The Court substitutes Lee's current custodian as the proper Respondent. *See Edwards v. Johns*, 450 F. Supp. 2d 755, 757 (E.D. Mich. 2006); *see also* Habeas Rule 2(a).

1

procedure was performed, and (3) booking-room recordings that might have contained statements made by Lee regarding another possible perpetrator were destroyed. The Court will deny the petition because the claims are without merit. The Court will also deny Petitioner a certificate of appealability and permission to appeal in forma pauperis.

I.

The Michigan Court of Appeals accurately summarized the evidence presented against Lee at his jury trial:

> Defendant approached the victim outside of a gas station while she was getting in her car, pointed a gun at her, and demanded her possessions. The victim threw her recently purchased coffee at defendant, dropped her keys, and fled. Defendant retrieved the keys and drove her car out of the gas station. A high-speed chase ensued with multiple police officers following defendant in the victim's Dodge Magnum. The car chase ended when defendant stopped the Dodge Magnum and ran away on foot. He was eventually tracked down by police officers and tackled in the backyard of a local residence. Because there was a dog in that backyard, defendant's jacket became covered in dog feces. Upon returning back to the police station, defendant's jacket was determined to be a bio-hazard and was destroyed according to police protocol.
>
> At trial, the victim and an officer identified defendant as the assailant in the carjacking and subsequent police chase. The prosecution also introduced evidence of telephone calls defendant made after being arrested, in which he made several inculpatory remarks, including that he was only caught because of traffic congestion and police cars being too fast, that he was caught with a gun, that he had coffee thrown at him, and that he jumped fences while fleeing on foot. During an in-person visit that was recorded on video, defendant requested help in establishing a false alibi. The fourth day of trial,

during which defendant testified, was not recorded or transcribed for reasons that are not established on the record.

*People v. Lee*, No. 348809, 2021 WL 942816, at *1 (Mich. Ct. App. Mar. 11, 2021).

Following trial, Lee was convicted and sentenced as indicated above. Lee then filed a claim of appeal. His appointed appellate counsel filed a brief on appeal that raised two claims:

> I. Mr. Lee was denied due process of law and his convictions must be reversed, where the police destroyed material, potentially exculpatory evidence, i.e., Mr. Lee's jacket, at some point before trial. Further, trial counsel was ineffective for failing to move to preserve the evidence.
>
> II. Mr. Lee was denied his right to allocute prior to sentencing through constitutionally deficient assistance of counsel and by the trial court's failure to make sufficient inquiry into Mr. Lee's absence from the court proceeding and to fully comply with the requirements of MCR 6.425(E). Resentencing is required.

Lee also filed his own supplemental *pro se* brief that raised an additional five claims:

> I. The victim's in-court identification of the defendant was under such suggestive circumstances as to violate the defendant's due process rights guaranteed under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, when no pre-trial identification was made.
>
> II. The unavailability of trial transcripts violated the defendant's right to direct appeal. The unavailability of trial transcripts of the defense witness's testimony.
>
> III. The evidence was insufficient to support the defendant's conviction of felony firearm-possession charges.

IV. The prosecutor committed misconduct resulting in denial of the defendant's right to due process and resulting in a fundamental miscarriage of justice.

V. The cumulative effect of the several errors presented in the defendant's appeal of right constitutes sufficient prejudice to warrant reversal due to denial of a fair trial.

The Michigan Court of Appeals affirmed in an unpublished opinion. *Lee*, 2021 WL 942816. Petitioner then filed an application for leave to appeal in the Michigan Supreme Court that raised the two claims raised in his appellate counsel's brief as well as the first three claims presented in his *pro se* brief. The Michigan Supreme Court denied the application for leave to appeal by standard order. *People v. Lee*, 962 N.W.2d 304 (Mich. 2021)(Table).

II.

28 U.S.C. § 2254(d)(1) curtails a federal court's review of constitutional claims raised by a state prisoner in a habeas action if the claims were adjudicated on the merits by the state courts. Relief is barred under this section unless the state court adjudication was "contrary to" or resulted in an "unreasonable application of" clearly established Supreme Court law.

"A state court's decision is 'contrary to' ... clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'"

4

*Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003), quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).

"[T]he 'unreasonable application' prong of the statute permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) quoting *Williams*, 529 U.S. at 413.

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011), quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004). "Section 2254(d) reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal.... As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington*, 562 U.S. at 103 (internal quotation omitted).

III.

A.

Lee's first and third claims raise similar issues. Lee first claims that when the police destroyed the jacket he was wearing when he was arrested, they destroyed potentially exculpatory evidence. He asserts that if the jacket had been tested and did not have coffee on it, it would have suggested that someone else was the perpetrator. Lee's third claim asserts that police failed to preserve video or audio recordings that might have contained statements he made during booking at the police station regarding another possible vehicle being involved in the crime.

Under clearly established Supreme Court law, the failure of police to preserve evidence that is potentially useful for a defendant violates a defendant's due process rights only if the defendant can show bad faith on the part of police. *See Arizona v. Youngblood*, 488 U.S. 51, 57-58 (1988). When the state fails to preserve evidentiary material "'of which no more can be said than that it could have been subjected to tests, the results of which might have exonerated the defendant,' a defendant must show: (1) that the government acted in bad faith in failing to preserve the evidence; (2) that the exculpatory value of the evidence was apparent before its destruction; and (3) that the nature of the evidence was such that the defendant would be unable to obtain comparable evidence by other means." *Monzo v. Edwards*, 281 F.3d 568, 580 (6th Cir. 2002)(quoting *Youngblood*, 488 U.S. at 57).

The Michigan Court of Appeals rejected the first claim because Lee failed to demonstrate the bad faith destruction of evidence. The evidence at trial indicated that the victim threw coffee on the man who stole her car. Police immediately located and chased after the victim's car, then chased the perpetrator on foot into a residential yard, and then tackled him into a pile of dog feces. Perceiving no evidentiary value in the fouled jacket worn by the red-handedly caught perpetrator, an officer disposed of it. *Lee*, 2021 WL 942816, at *2-3. In light of this record evidence, the state appellate court concluded, "[t]he police were not acting in bad faith when they destroyed defendant's dog-feces-covered jacket according to police protocol. Because defendant has not shown bad faith, his due-process claim fails." *Id.*, at 3. This decision involved a reasonable application of the established Supreme Court standard and the facts. Hill's first claim therefore is without merit.

Regarding any non-preserved audio or video recording of the booking procedure, Lee did not raise the claim in the state courts. Despite not being exhausted, the claim can be denied on the merits because it is without merit. *See* 28 U.S.C. § 2254(b)(2). This claim does not pertain to the recordings of Lee's multiple inculpatory statements made while in custody. At trial, the recordings of Lee's incriminating phone conversations, as well as a videotape of an in-person conversation during which he made an inculpatory statement, were admitted at trial and played for the jury. (Tr. 3/21/19, at 149-153, 156-160, 167-168.)

Rather, Lee's claim refers to defense counsel's cross-examination of a police officer, where counsel suggested Lee mentioned seeing another van that might have been associated with the crime while he was being booked at the police station. (ECF No. 1, PageID.46-49.) When asked if the officer had a recording of the statement, the officer testified that any such tapes would have since been destroyed as a matter of course because more than thirty days had elapsed since the booking. (Tr. 3/21/19, at 177.)

The claim fails because Lee satisfies none of the elements of a *Youngblood* claim. He has not demonstrated that the government acted in bad faith in failing to preserve police station security video. The officer testified that such footage was only available for the past thirty days. There was no apparent exculpatory value of any statement given how quickly police ascertained that they were pursuing the correct suspect – who was fleeing the scene in the victim's car. Whether another van was involved or not, it is difficult to see how that would exculpate Lee. Finally, the nature of the evidence is not such that Lee would be unable to obtain comparable evidence. If Lee's defense was that he saw another person in a van who might have been associated with the crime, he could have testified at trial to making that statement at the booking procedure.

Lee's first and third claims are therefore without merit.

B.

Lee's second claim asserts that he was subjected to a suggestive identification procedure in violation of the Due Process Clause when the victim was asked to identify him as the perpetrator at trial without first having been subjected to a pretrial line-up procedure. The Michigan Court of Appeal found that the claim was without merit because no pretrial identification procedure is required prior to an in-court identification. *Lee*, 2021 WL 942816, at *5-6.

The claim is without merit because the decision of the state court comports with the requirements of clearly established Supreme Court law.

Due process protects the accused against the introduction of evidence which results from an unreliable identification obtained through unnecessarily suggestive procedures. *See Moore v. Illinois*, 434 U.S. 220, 227 (1977); *Neil v. Biggers*, 409 U.S. 188 (1972)(establishing factors to determine whether pretrial identification procedure is unnecessarily suggestive).

Although the Sixth Circuit in *United States v. Hill*, 967 F.2d 226, 230-32 (6th Cir. 1992), held that *Biggers* applies to identifications made for the first time in court, Sixth Circuit precedent does not constitute "clearly established Federal law, as determined by the Supreme Court" and thus "cannot form the basis for habeas relief under [the] AEDPA." *Parker v. Matthews*, 567 U.S. 37, 48-49 (2012). The Supreme Court itself has never held that the in-court identification of a criminal defendant

9

requires an independent non-suggestive basis for admission. *Cameron v. Birkett*, 348 F. Supp. 2d 825, 843 (E.D. Mich. 2004).

Any remaining uncertainty for AEDPA review purposes was removed when the Supreme Court subsequently held, "the Due Process Clause does not require a preliminary judicial inquiry into the reliability of an eyewitness identification when the identification was not procured under unnecessarily suggestive circumstances arranged by law enforcement." *Perry v. New Hampshire*, 565 U.S. 228, 248 (2012)). After *Perry* was decided, in *United States v. Hughes*, 562 F. App'x 393, 398 (6th Cir. 2014), the Sixth Circuit found that an in-court identification procedure was constitutional where it was conducted in the absence of any pretrial identification procedure, noting:

> [T]he Supreme Court has recently made clear that due process rights of defendants identified in the courtroom under suggestive circumstances are generally met through the ordinary protections in trial. *Perry v. New Hampshire*, 565 U.S. 228, 132 S.Ct. 716, 728-29 (2013). These protections include the right to confront witnesses; the right to representation of counsel, who may expose flaws in identification testimony on cross-examination and closing argument; the right to jury instructions advising use of care in appraising identification testimony; and the requirement of proof beyond a reasonable doubt.

*Id*.

In the absence of any Supreme Court caselaw extending *Biggers* to in-court identifications, Hill is unable to establish that the state court adjudication of his claim

was contrary to, or involved an unreasonably application of, clearly established Supreme Court law.

Because none of Hill's claims merit habeas relief, the petition will be denied.

IV.

Before Hill may appeal this decision, the Court must determine whether to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(A); FED. R. APP. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy § 2253(c)(2), Petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)(citation and internal quotation marks omitted). The Court finds that reasonable jurists would not debate the resolution of any of Hill's claims. The Court will therefore deny a certificate of appealability.

Finally, Lee is denied permission to appeal *in forma pauperis* because the Court certifies that any appeal of this order would be frivolous. *See* 28 U.S.C. § 1915(a)(3).

V.

Accordingly, the Court 1) **DENIES WITH PREJUDICE** the petition for a writ of habeas corpus, 2) **DENIES** a certificate of appealability, and 3) **DENIES** permission to appeal *in forma pauperis*.

**SO ORDERED.**

s/Denise Page Hood
Hon. Denise Page Hood
United States District Judge

Dated:  November 20, 2023